IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| ANNIE NAGBE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION FILE |
| | ) NO.: _____ |
| DOLLY'S PERSONAL CARE HOME, | ) |
| INC. and CYNTHIA VINCENT, | ) |
| | ) |
| Defendants. | ) JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Annie Nagbe and files this lawsuit against Defendants Dolly's Personal Care Home, Inc. and Cynthia Vincent (hereinafter collectively "Defendants"), and shows the following:

### I. Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages for Defendants' failure to pay the federally mandated minimum wage and overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter "FLSA") during Plaintiff's

1

employment with Defendants (hereinafter referred to as the "relevant time period").

## II. Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1343(4).

4.

Defendant Dolly's Personal Care Home, Inc. is a Georgia corporation with its registered agent, Tonia Horace, located at 555 Cotton Creek Lane, Winder, GA, 30680.  In accordance with 28 U.S.C. § 1391, and LR 3, Northern District of Georgia, venue is appropriate in this Court.

5.

The unlawful employment practices alleged in this Complaint were committed within this District at Plaintiff's work location: 555 Cotton Creek Lane, Winder, GA, 30680.

## III. Parties

6.

Plaintiff was a resident of the State of Georgia during the relevant time period.

7.

Defendant Dolly's Personal Care Home, Inc. may be served with process by delivering a copy of the summons and complaint to its registered agent, Tonia Horace, located at 38 South Broad Street, Winder, Georgia 30680.

8.

Defendant Cynthia Vincent may be served with process by delivering a copy of the summons and complaint to her office address at 38 South Broad Street, Winder, Georgia 30680.

## IV. Factual Allegations

9.

Plaintiff was an "employee" (as defined under FLSA §3(e), 29 U.S.C. §203(e)) for Defendants.

10.

Plaintiff performed non-exempt labor for the Defendants within the last three years.

11.

Defendants employed the named Plaintiff during the relevant time period.

12.

During the relevant time period, Plaintiff worked an amount of time

that was more than forty (40) hours per workweek and was not paid the overtime wage differential required by FLSA §7, 29 U.S.C. §207 when working more than forty (40) hours per week.

13.

Defendant Dolly's Personal Care Home, Inc. is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

14.

Defendant Cynthia Vincent is the Chief Financial Officer and Human Resources Director of Dolly's Personal Care Home, Inc.

15.

Defendant Vincent had discretion over Plaintiff's working hours and overtime compensation.

16.

Defendant Vincent acts both directly and indirectly in the interest of Dolly's Personal Care Home, Inc. and was in a supervisory position over Plaintiff.

17.

Defendant Dolly's Personal Care Home, Inc. is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

18.

Defendant Vincent is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

19.

Defendants are governed by and subject to FLSA §§ 6-7, 29 U.S.C. §§ 204, 206-207.

20.

Plaintiff began working at Dolly's Personal Care Home as a caregiver on September 24, 2013.

21.

Plaintiff's job duty was to take care of the home's residents, including personal grooming, cooking, cleaning, administering medications, and transporting residents to medical appointments.

22.

Plaintiff has no formal training or certifications in the care of adults with mental and/or physical disabilities.

23.

There were generally four residents in the home, which was owned by Dolly's Personal Care, Inc. and located at 555 Cotton Creek Lane, Winder, Georgia 30680.

24.

The work schedule was created and distributed by Defendant Vincent.

25.

Plaintiff completed a time sheet each week that reflected her actual working hours.

26.

Plaintiff's schedule generally required her to work 24 hours per day for six straight days.

27.

Plaintiff was required to assist the residents at any time of the day or night. She was able to nap for a few hours on the couch, but was not allowed to return home and was often the only employee in the home.

28.

Plaintiff was paid $10 per hour and was given a raise to $12.50 per hour in 2015.

29.

When Plaintiff was unable to work her shift, she was required to find someone to cover the shift. On several occasions, Plaintiff had to pay the covering person herself because Defendants would not pay the person.

30.

Plaintiff's time sheets showing her actual hours did not match the hours listed on her paystub.

31.

Plaintiff provided her two weeks' notice on July 3, 2015 and was terminated on July 7, 2015.

## V. Violation of the Minimum Wage Requirement of the Fair Labor Standards Act.

32.

Defendants, individually and collectively, jointly and severally, have violated FLSA § 6, 29 U.S.C. § 206, by failing to pay minimum wage for certain time periods that Plaintiff worked.

33.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover unpaid wages, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

## VI. Violation of the Overtime Wage Requirement of the Fair Labor Standards Act.

34.

Defendants, individually and collectively, jointly and severally, have violated FLSA § 7, 29 U.S.C. § 207, by failing to pay overtime wages for time

that Plaintiff worked in excess of forty (40) hours in a workweek.

35.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover unpaid wages, overtime wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

### VII. Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)   Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA §6; 29 U.S.C. § 207, unpaid overtime wages pursuant to the FLSA §§ 6, 7; 29 U.S.C. §§ 206, 207, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. § 216, and court costs, expert witness fees, reasonable attorneys' fees as provided under FLSA § 16 and all other remedies allowed under the FLSA;

(C)   Grant declaratory judgment declaring that Plaintiff's rights have been violated; and

(D)   Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted this 9th day of September 2015.

**THE SHARMAN LAW FIRM LLC**

<u>/s/ Paul J. Sharman</u>
PAUL J. SHARMAN
Georgia State Bar No. 227207

The Sharman Law Firm LLC
11175 Cicero Drive, Suite 100
Alpharetta, GA 30022
Phone: (678) 242-5297
Fax: (678) 802-2129
Email: paul@sharman-law.com

Counsel for Plaintiff